**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRENDA GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-1196-D |
| | ) | |
| LEROY E. YOUNG, D.O., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's pending motion to dismiss the action for failure to timely substitute a proper party as required by Fed. R. Civ. P. 25 (a)(1) and the motion of Plaintiff's counsel to withdraw as counsel of record. On June 20, 2013, the Court entered an Order [Doc. No. 27] directing Defendant to serve upon known interested non-parties the Notice of Suggestion of Death [Doc. No. 9] filed herein by Defendant and evidencing the death of Plaintiff Brenda Griffin. The Court further determined that the 90-day time period for seeking a substitution of a proper party in place of the deceased Plaintiff would begin to run upon service of the Notice of Suggestion of Death, as required by Fed. R. Civ. P. 25(a)(3).

On June 26, 2013, Defendant filed with the Court a certificate [Doc. No. 28] evidencing that the Notice of Suggestion of Death was personally served upon Ramona L. Griffin and Bill McWilliams, the known interested persons of whom Defendant is aware. The Court file reflects that Ms. Griffin and Mr. McWilliams have not filed a motion to substitute, as required by Rule 25. Nor has any other person filed a motion to substitute. Pursuant to Fed. R. Civ. P. 25(a)(1), such motions must be filed within 90 days after service of the Notice of Suggestion of Death. If a motion to substitute is not filed within 90 days after the service of the Notice of Suggestion of Death, the case

"must be dismissed." Fed. R. Civ. P. 25(a)(1).

On September 27, 2013, Defendant filed a notice [Doc. No. 29] confirming that the 90-day time period has expired. The Court file reflects that no motion to substitute has been filed.

Pursuant to the express provisions of Rule 25(a)(1), this motion must be dismissed. Defendant's motion to dismiss for failure to timely substitute a proper party [Doc. No. 18] is GRANTED. As a result, the motion [Doc. No. 21] of Plaintiff's counsel to withdraw and to extend existing deadlines in this action is moot. Under the circumstances, the Court has determined that the action will be dismissed without prejudice.[1]

IT IS SO ORDERED this 1st day of October, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] There is no clear rule dictating whether Rule 25(a) dismissals are with or without prejudice, and the Tenth Circuit has not expressly addressed the question. However, several courts have dismissed actions without prejudice, noting that a court has discretion in adjudicating Rule 25(a) dismissals. *See, e.g., Tretter v. Pennsylvania Dept. of Corrections*, 2012 WL 360029 (M.D. Pa. Feb. 2, 2012) (unpublished); *Rohlman v. Florida*, 2009 WL 36456 (N.D. Fla. Jan. 5, 2009) (unpublished); *Gruenberg v. Maricopa Co. Sheriff's Office*, 2008 WL 2001253 (D. Ariz. May 7, 2008) (unpublished); *Steward v. City of New York*, 2007 WL 2693667 (E.D.N.Y. Sept. 10, 2007) (unpublished).